1

2

3

4                              **UNITED STATES DISTRICT COURT**

5                                    **DISTRICT OF NEVADA**

6

7   LINWOOD EDWARD TRACY, Jr. et al.,          )
                                               )
8              Plaintiffs,                     )
                                               )         3:11-cv-00152-RCJ-VPC
    vs.                                        )         3:11-cv-00165-RCJ-VPC
9                                              )
    MARK J. SALDINO et al.,                    )              **ORDER**
10                                             )
              Defendants.                      )
11  _____)

12          These two consolidated cases arise out of the allegedly illegal taxation of church property

13   in Los Angeles County, California, resulting in foreclosure.  Pending before the Court are

14   motions to dismiss in both cases, as well as a motion for recusal.[1]  For the reasons given herein,

15   the Court denies the motion to recuse, grants the motions to dismiss as to all Defendants, with

16   leave to amend to state an equal protection claim against Defendant Saldino in the '152 case, and

17   transfers the '152 case to the Central District of California pursuant to 28 U.S.C. § 1406(a).

18   **I.      FACTS AND PROCEDURAL HISTORY**

19          **A.      The '165 Case**

20          Pro se Plaintiffs Linwood Edward Tracy, Jr. and William Gerard Filion claim to be

21   "foreign diplomats" in their capacities as Patriarch and Ambassador, respectively, of "World

22   Prayers Answered, a foreign neutral sovereign eccles[i]astical state/order." (*See* Compl. ¶ 1,

23   Mar. 3, 2011, ECF No. 2 in Case No. 3:11-cv-00165-RCJ-VPC).  World Prayers Answered

24   _____

25          [1]Plaintiffs made no appearance at oral argument.

("WPA") is located in Fallon, Nevada. (*Id.* 2). Plaintiffs have sued Defendants QLS and Mark J.

Saldino, Treasurer and Tax Collector of Los Angeles County, CA (the "County"), over the

foreclosure of their property at 38849 10th St. West, Palmdale, California  93551 (the "10th St.

Property") and allegedly illegal taxes imposed upon the property in violation of a federal tax

exemption. (*See id.* 3–4).  Plaintiffs do not allege the County instituted a tax sale of the 10th St.

Property, but rather that QLS' foreclosure on the 10th St. Property arose out of a loan that

Plaintiffs obtained in order to pay the County's allegedly illegal property tax. (*See id.*).  Plaintiffs

allege that Saldino has exempted many churches from the County's property tax but has wrongly

refused to exempt the 10th St. Property, which is a church of WPA called "the House of

Shalom." (*See id.* 4–7).  Plaintiffs allege this is a violation of Public Law 103-141 and the United

States Constitution. (*See id.* 7).  Plaintiffs also appear to allege that WPA is a foreign sovereign

whose property the County may not tax. (*See id.* 7–11).  The remainder of the Complaint consists

mainly of commentary on public statements by the President concerning homosexual marriage,

lengthy quotations of Alexis de Tocqueville, and citations to various Supreme Court rulings and

State Department statements concerning the impropriety of taxing embassies.

**B.     The '152 Case**

        In the '152 case, Tracy and Filion have sued Saldino and Atlantic & Pacific Foreclosure

Services, LLC, d/b/a Carrington Mortgage Service, LLC ("Carrington").  The '152 Complaint is

substantively identical to the '165 Complaint, except that it concerns the taxation and foreclosure

of property located at 38544 Desert View Dr., Palmdale, CA 93551 (the "Desert View

Property"). (*See* Compl. ¶ 1, Mar. 2, 2011, ECF No. 1 in Case No. 3:11-cv-00152-RCJ-VPC).

The Court has consolidated the cases, with the '152 case as the lead case.

**II.    LEGAL STANDARDS**

        **A.     Rule 12(b)(1)**

        A defendant may move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P.

1   12(b)(1).  Federal courts are of limited jurisdiction, possessing only those powers granted by the

2   Constitution or statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citations

3   omitted).  The party asserting federal jurisdiction bears the burden of overcoming the

4   presumption against it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S., 375, 377 (1994). A

5   district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. *Ass'n of Am.*

6   *Med.Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

7          Federal courts have original jurisdiction over "civil actions arising under the

8   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "[T]he district court

9   looks to the 'well-pleaded complaint,' rather than to any subsequent pleading or evidence, in

10  determining whether there is federal question subject matter jurisdiction . . . ." *Coleman v. Estes*

11  *Exp. Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011) (citations omitted).

12      **B.      Rule 12(b)(2)**

13         A defendant may move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P.

14  12(b)(2).  Jurisdiction exists if: (1) provided for by law; and (2) the exercise of jurisdiction

15  comports with due process. *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir.

16  1980).  When no federal statute governs personal jurisdiction, a federal court applies the law of

17  the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where a forum

18  state's long-arm statute provides its courts jurisdiction to the fullest extent of the Due Process

19  Clause of the Fourteenth Amendment, such as Nevada's does, *see Arbella Mut. Ins. Co. v. Eighth*

20  *Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065), a court

21  need only apply federal due process standards, *see Boschetto*, 539 F.3d at 1015.[2]

22  _____

23         [2]Nevada's long-arm rule restricts extra-territorial jurisdiction to the limits of both the
    U.S. and Nevada Constitutions. *See* Nev. Rev. Stat. § 14.065(1).  However, Nevada's due

24  process clause is textually identical to the federal clause in relevant respects, *see* Nev. Const. art.
    1, § 8(5), and the Nevada Supreme Court reads the state clause as coextensive with the federal
    clause, *see, e.g.*, *Wyman v. State*, 217 P.3d 572, 578 (Nev. 2009).  Until 1868, when the

25  Fourteenth Amendment was adopted, the Due Process Clause of the Fifth Amendment did not

1    There are two categories of personal jurisdiction: general jurisdiction and specific

2   jurisdiction.  General jurisdiction exists over a defendant who has "substantial" or "continuous

3   and systematic" contacts with the forum state such that the assertion of personal jurisdiction over

4   him is constitutionally fair even where the claims are unrelated to those contacts. *See Tuazon v.*

5   *R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales*

6   *de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).  A state court has general jurisdiction over

7   the state's own residents, for example. *Planning Grp.*, 246 P.3d at 346 ¶ 13 (citing *Milliken v.*

8   *Meyer*, 311 U.S. 457, 462 (1940)).

9    Even where there is no general jurisdiction over a defendant, specific jurisdiction exists

10  when there are sufficient minimal contacts with the forum such that the assertion of personal

11  jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*

12  *Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)

13  (quoting *Milliken*, 311 U.S. at 463).  The standard has been restated using different verbiage. *See*

14  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("[I]t is essential in each case that there be some

15  act by which the defendant purposefully avails itself of the privilege of conducting activities

16  within the forum State, thus invoking the benefits and protections of its laws." (citing *Int'l Shoe*

17  *Co.*, 326 U.S. at 319)); *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)

18

19   ───────────────────

20  apply to the states. *See Barron v. City of Baltimore*, 32 U.S. 243, 250–51 (1833) (Marshall, C.J.).
    The Declaration of Rights that comprises Article I of the Nevada Constitution, which was

21  adopted in 1864, was included in order to impose certain restrictions on the State of Nevada that
    were already imposed against the federal government under the Bill of Rights, and the Nevada

22  Supreme Court has not interpreted the protections of the Declaration of Rights to exceed the
    scope of their federal counterparts. Michael W. Bowers, *The Sagebrush State* 43–44 (3rd ed.,

23  Univ. Nev. Press 2006); Michael W. Bowers, *The Nevada State Constitution* 24 (1993).  During
    the Nevada Constitutional Convention in 1864, the Due Process Clause of Article I was not

24  debated, although several other provisions of Article I, and even Section 8, were heavily debated.
    *See generally* Andrew J. Marsh, Official Report of the Debates and Proceedings of the

25  Constitutional Convention of the State of Nevada (Frank Eastman pr., 1866), *available at*
    http://books.google.com.

("[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State.  Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (citing *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 97–98 (1978))).  From these cases and others, the Ninth Circuit has developed a three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

> The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable.  But if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed.

*Id.* (citations omitted).  The "purposeful direction" option of the first prong uses the "*Calder*-effects" test, under which "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (en banc)).  The third prong is itself a seven-factor balancing test, under which a court considers:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective

1    relief; and (7) the existence of an alternative forum.

2    *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (quoting *CE Distrib., LLC v. New Sensor*

3    *Corp.*, 380 F.3d 107, 1112 (9th Cir. 2004)).

4    **C.     Rule 12(b)(3)**

5        A party may move for dismissal for improper venue. Fed. R. Civ. P. 12(b)(3).  A district

6    court determining that venue is improper has a choice between dismissal or transfer to a district

7    where venue properly lies. 28 U.S.C. § 1406(a).  Because it furthers the purpose of judicial

8    economy, a case may be transferred under § 1406(a) even where venue is proper, but where there

9    is no personal jurisdiction over the defendant in the transferor district. *Goldlawr, Inc. v. Heiman*,

10   369 U.S. 463, 466–67 (1962).  When a court makes a determination of venue pursuant to a Rule

11   12(b)(3) motion, the well-pled allegations of the Complaint are taken as true, and any evidence

12   submitted by the non-movant in opposition to the Rule 12(b)(3) motion is viewed in the light

13   most favorable to the non-movant. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536

14   F.3d 439, 448–49 (5th Cir. 2008).  Venue is proper:

> in (1) a judicial district where any defendant resides, if all defendants reside in the
> same State, (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of property that is
> the subject of the action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is commenced, if there is no
> district in which the action may otherwise be brought.

28 U.S.C. § 1391.

**D.     Rule 12(b)(6)**

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

(1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

1   12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

2   F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

3   failure to state a claim, dismissal is appropriate only when the complaint does not give the

4   defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

5   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

6   sufficient to state a claim, the court will take all material allegations as true and construe them in

7   the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

8   Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

9   conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

10  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

11  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

12  is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v.*

13  *Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

14          "Generally, a district court may not consider any material beyond the pleadings in ruling

15  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

16  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

17  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

18  whose contents are alleged in a complaint and whose authenticity no party questions, but which

19  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

20  motion to dismiss" without converting the motion to dismiss into a motion for summary

21  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule

22  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

23  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

24  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

25  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th

1    Cir. 2001).

2    **E.      Recusal**

3            A judge must recuse himself "in any proceeding in which his impartiality might

4    reasonably be questioned," 28 U.S.C. § 455(a), where he has a bias or prejudice against a party

5    or personal knowledge of the facts of a case, *id.* § 455(b)(1), where he or a former associate has

6    previously served as a lawyer or witness in the matter, *id.* § 455(b)(2)–(3), where he or a close

7    family member has a financial interest in the matter or other interest that could be substantially

8    affected by the outcome,  *id.* § 455(b)(4), or where he or certain family members or their spouses

9    are a party, lawyer, or witness in the proceeding or will be substantially affected by the outcome,

10   *id.* § 455(b)(5).

11   **III.     ANALYSIS**

12           I perceive no need to recuse in this case.  Plaintiffs argue that I should recuse because I

13   have:

14           violated the petitioners First, Ninth and Tenth Amendment of the United States
             Constitution of America ** Rights** in the federal case of #3:11-cv-00152-RCJ-
15           VPC (Exhibit "A"), whom did rule in and through MINUTES ORDERS, 4/20/2011,
             at 11:08 AM PDT and filed 4/20/2011, Document Number: 20, for ORAL
16           ARGUMENT, of which there is a NOTICE OF APPEAL being processed . . . .

17   (Mot. Recusal, May 2, 2011, ECF No. 24 in Case No. 3:11-cv-00152-RCJ-VPC).  In other

18   words, Plaintiffs argue that I should recuse because I violated their First, Ninth, and Tenth

19   Amendment rights by ordering oral argument on Defendants' present motion to dismiss in the

20   '152 case.  Plaintiffs identify no legitimate grounds for recusal.  Even assuming that the ordering

21   of oral argument on an adversary's motion could constitute a violation of the first party's rights,

22   legal error does not constitute grounds for recusal without a showing of external personal bias:

23           Texaco requests a new trial because of an alleged judicial bias in favor of
             Hasbrouck.  A judge is required to disqualify himself if his impartiality might
24           reasonably be questioned, or if he has a personal bias or prejudice for or against a
             party.  The bias must stem from an extrajudicial source and not be based solely on
25           information gained in the course of the proceedings.  However, Texaco points to no

1
2
3
4

extrajudicial basis for the alleged bias and in fact offers no evidence that the trial
judge acted in less than a wholly impartial manner.  Texaco supports its allegations
of bias merely by pointing to alleged errors at trial in refusing a request to disqualify
jurors, formulating preliminary and final jury instructions, and overruling defense
objections.  Even if these ruling[s] were erroneous, and we do not suggest that they
were, they could not justify a finding of judicial bias.  Texaco's claim of judicial bias
is wholly without merit.

5   *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir. 1987) (citations omitted).

6   Plaintiffs make no allegation of external bias.

7   **A.    QLS' Motion to Dismiss in '165**

8   QLS moves to dismiss the '165 case based on claim preclusion.  On October 3, 2008,

9   William Filion, Janice Filion, and The House of Shalom Ministry sued Litton Loan Servicing

10  ("Litton"), the Los Angeles County Tax Collector's Office, and thirty-one other defendants in

11  this District. *See Filion v. BOI - Code Enforcement L.A. Cnty. (Filion I)*, No. 3:08-cv-00541-

12  LRH-RAM.  *Filion I* concerned the allegedly unlawful imposition of property taxes and

13  unconstitutional foreclosure against the 10th St. Property and property located at 38536 Desert

14  View Dr.[3]  Judge Hicks granted Litton's motion to dismiss for failure to serve Litton and for

15  failure to state a claim against Litton on the merits.  Judge Hicks dismissed the remainder of the

16  case without prejudice under Rule 4(m).  The Ninth Circuit summarily affirmed on May 20,

17  2010.  In the meantime, William Filion had sued Litton, QLS, and Carrington Mortgage

18  Services, LLC ("CMS") in Nevada state court alleging the same wrongful actions as in *Filion I*

19  with respect to both the 10th St. Property and the Desert View Property. *See Filion v. Carrington*

20  *Mortg. Servs. (Filion II), LLC*, 3:10-cv-00308-LRH-RAM.  Defendants removed.  Judge Hicks

21  granted Litton's motion to dismiss, which the other defendants had joined, ruling that any claims

22  "aris[ing] out of Plaintiff's failure to pay the property taxes on his house and the subsequent sale

23

24
25

[3]The Court need not determine whether the property at 38536 Desert View Dr. in *Filion I*
is the same as the Desert View Property at issue in the present '152 case, which has an address of
38544 Desert View Dr., because it is clear that the foreclosure of the Desert View Property at
issue in the '152 case was at issue in *Filion II*.

1   of the house at an auction" were precluded as against Litton and CMS by *Litton I*.  He then found

2   that Filion had admitted QLS was a private actor and therefore dismissed the constitutional

3   claims against it.  *Filion II* is on appeal.  The Court finds that the claims against QLS arising out

4   of its foreclosure of the Property are precluded by *Filion II*.

5                   **B.      Saldino's Motions to Dismiss in '165 and '152**

6          Saldino's two motions to dismiss in the two related cases are identical.  He argues that

7   there is no subject matter jurisdiction over the case, that there is no general or specific personal

8   jurisdiction over him in Nevada, that venue is improper in Nevada, and that Plaintiffs have failed

9   to state a claim.

10         First, Saldino argues that Plaintiffs have not properly raised any federal question, because

11  they raise the First Amendment only as a defense to state taxation of their property, and a federal

12  defense does not on its own implicate federal question jurisdiction.  However, the Complaints

13  also appear to state affirmative equal protection violations under 42 U.S.C. § 1983, because

14  Plaintiffs allege that their church was denied state exemptions from taxation that other churches

15  received.

16         Second, Saldino argues that there is no personal jurisdiction over him in Nevada.  He is

17  correct.  As a citizen of California who is not alleged routinely to do business in Nevada, there is

18  no general jurisdiction over him in Nevada.  And there is no specific jurisdiction over him in

19  Nevada with respect to the present case, because he does not have the required minimum

20  contacts with Nevada.  He has not purposely availed himself of the privilege of doing business in

21  Nevada or purposely directed his activities at Nevada.  He has simply performed his official

22  duties in California with respect to the California properties at issue in this case.  It is the Nevada

23  Plaintiffs who have injected themselves into California by purchasing property there such that a

24  California court would presumably have specific jurisdiction over Plaintiffs if they were sued as

25  defendants in a case arising out of these contacts.  But Plaintiffs' activities in California do not

1   give rise to specific jurisdiction over Saldino in Nevada.

2        Third, Saldino argues that venue does not lie in Nevada.  He is correct on this count, as

3   well.  Saldino is a Los Angeles, California resident, and Carrington is a resident of both

4   California and Delaware because it is a Delaware limited liability company headquartered in

5   Santa Ana, California.  Because both Defendants in the '152 case reside in California, venue in

6   that case lies in any district where either Defendant resides or where the properties are located

7   and taxation occurred.  That district is the Central District of California.  In the '165 case, QLS is

8   a California corporation headquartered in San Diego, California.  Venue would therefore be

9   appropriate in either the Central or Southern Districts of California in that case.  However, the

10  claim against QLS is res judicata, and the '165 case is duplicative with the '152 case insofar as it

11  is brought against Saldino.  Because Plaintiffs may amend in the '152 case, that case will be

12  transferred to the Central District of California.

13       Fourth, Saldino argues that Plaintiffs fail to state a claim against him.  Saldino is correct

14  that Plaintiffs have no sort of sovereign or diplomatic status.  Saldino also argues that Plaintiffs

15  have not stated a constitutional claim because there is no cause of action for "chilling effect," but

16  Plaintiffs appear to intend an equal protection claim.  They claim that Los Angeles County failed

17  to exempt their church property from taxes while exempting other similarly situated property

18  related to churches of other religions.  Saldino also argues that a church desiring an exemption

19  from property tax under California law must apply to the county assessor, and Plaintiffs have not

20  alleged that they made such an application and were denied.  Saldino is correct.  The Court

21  dismisses both Complaints, with leave to amend in the '152 Case to state an equal protection

22  claim.

23  ///

24  ///

25  ///

1

**CONCLUSION**

2        IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 4, 9) in Case No.

3  3:11-cv-00165-RCJ-VPC are GRANTED and the Clerk shall enter judgment and close that case,

4  accordingly.

5        IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 8, 22) in Case No.

6  3:11-cv-00152-RCJ-VPC are GRANTED, with leave to amend to add an equal protection claim.

7        IT IS FURTHER ORDERED that the Motion for Recusal (ECF No. 24) in Case No.

8  3:11-cv-00152-RCJ-VPC is DENIED.

9        IT IS FURTHER ORDERED that Case No. 3:11-cv-00152-RCJ-VPC is

10 TRANSFERRED to the Central District of California pursuant to 28 U.S.C. § 1406(a).

11        IT IS SO ORDERED.

12  Dated:  This 5th day of July, 2011.

13

14  _____

15               ROBERT C. JONES
          United States District Judge

16

17

18

19

20

21

22

23

24

25